LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**IN THE MATTER OF**

| | |
|---|---|
| **MATTHEW AUSTIN,** | **CHAPTER 13** |
| **DEBTOR** | **CASE NO: 09-14605(MG)** |

**OBJECTION TO PROOF OF CLAIM #5-1 BY BAC HOME LOAN SERVICING, LP AND REQUEST FOR ACCOUNTING AND REQUEST FOR DAMAGES AND FEES**

-------------------------------------------------------------------X

**OBJECTION TO PROOF OF CLAIM #5-1 FILED BY BAC HOME LOANS SERVICING, LP**
**AND**
**REQUEST FOR ACCOUNTING**
**AND**
**REQUEST FOR DAMAGES AND FEES**

　　　**COME NOW** the above-named debtor, Mr. Matthew Austin, by and through his attorney of record, Linda M. Tirelli, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim filed in this case by the above named creditor and in support hereof respectfully show unto the Court the following:

1. This case was commenced by the filing of a petition with the Clerk of this court on

   July 24, 2009.


2. The Debtor, Mr. Matthew Austin, is the co-owner with his wife, Dannett Denton-

   Austin, a non-filing spouse, of real estate located at 22 Selleck Place, Stratford,

   Connecticut 06615.  The debtor's family resides at this address and his Chapter 13

   Plan requests participation in the Loss Mitigation program.

3. The Debtor listed a debt and named Countrywide Home Mortgage as a creditor on Schedule D of his petition, indicating the same as being disputed. A copy of Debtor's Schedule "D" is attached hereto as Exhibit "A."

4. The debtor further included BAC Home Loans Servicing, L.P. as an additional contact party for noticing purposes on his mailing matrix. A copy of Debtor's mailing matrix as filed is attached hereto as Exhibit "B."

5. On or about November 3, 2009 BAC Home Loans Servicing, LP filed a proof of claim identified as Claim # 5-1. A copy of the Proof of Claim #5-1 is attached hereto as Exhibit "C."

6. The 341(a) meeting of creditors was held in New York, New York on August 20, 2009.

7. The Chapter 13 plan is scheduled for a confirmation hearing on November 19, 2009.

## I. FACTUAL ALLEGATIONS

8. Proof of Claim #5-1 as filed by BAC Home Loans Servicing, LP (hereinafter "BAC") purports that the debtor owes BAC the total sum of $268293.14 on a secured claim, with a purported arrearage owing of $9,423.43.

Attached to the proof of claim are the following documents:

A. Official form 10, dated November 2, 2009 and executed by "Morgan K. Taylor, Esq." ;

B. A single page itemization un-entitled, bearing loan number "****2629";

C. A 2 page document entitled "Note" dated April 22, 2005 identifying the following:

   1. Lender: "1st Republic Mortgage Bankers, Inc. A Corporation";

   2. Principal Sum Borrowed: "$284,200.00";

3. Interest Rate: "4.875%"; and

4. Monthly Payment of Principal and Interest: "$1504.01"

D. A single page notarization, bearing no identifiable account number, loan number or reference to any specific document;

E. An 8 page document entitled "Open-End Mortgage" dated April 22, 2005 which identifies the roles of certain parties, reading in relevant part as follows:

1. " *The Mortgagor is Matthew Austin and Dannett Denton Austin 22 Selleck Place, Stratford, Connecticut 06615 ("Borrower").*

2. *"This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"),(solely as nominee for Lender, hereinafter defined, and Lender's successors and assigns) as mortgagee.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)679-MERS."*

3. *"1st Republic Mortgage Bankers, Inc., A Corporation ("Lender") is organized and existing under the laws of New York, and has an address of 110 Jericho Turnpike, Suite 200 Floral Park, New York 11001."*

F. A two page page document, a purported post-petition "Assignment of Mortgage" dated October 2, 2009, signed by "Elpinicki Bechakas, Assistant Secretary and Vice President" and notarized by "Jeanette Sheliga" in the County of Erie, State of New York, and  indicates the following parties:

a. Assignor:  "Mortgage Electronic Registration Systems, Inc. as nominee for 1st Republic Mortgage Bankers, Inc. its successors and assigns, 3300 SW 34th Avenue Suite 101, Ocala, FL 34474."

b. Assignee:  "BAC Home Loan Servicing, LP fka Countrywide Home Loans Servicing, LP, 475 Crosspoint Parkway, Getzville, NY 14068"

c. Original Lender: Mortgage Electronic Registration Systems, Inc. as nominee for 1st Republic Mortgage Bankers, Inc. its successors and assigns"

The purported "Assignment of Mortgage" indicates on the first page at the top right, that the same was, "Prepared by: Robin Shulz, Steven J. Baum PC 220 Northpointe Parkway, Suite G, Amherst, NY 14228"  The law firm which "prepared" this document is the same as that which appears as counsel of record for the purported creditor, BAC Home Loans Servicing, LP.  A copy of the "Assignment of Mortgage" is attached here to as Exhibit "C-1"

## II.  LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION
## AND FRAUD ON THE COURT

8. The Debtor avers that the proof of claim is signed by a "Morgan K. Taylor, Esq." of Steven J. Baum, PC on November 2, 2009, without providing any supporting documentation to suggest her authorization to do so, in violation of B.R. Rule 3001 (b) and the plain language instructions as printed on the Official Form 10.  The undersigned did send a correspondence to Attorney Taylor dated November 4, 2009 via facsimile and US Mail, asking her, among other things, to so amend the proof of claim with an appropriate party's signature or to otherwise provide the documentation required.  A copy of the letter to Attorney Taylor along with a fax receipt is attached hereto as Exhibit "C-2"  To date, no response has been received; not even a phone call.

   To the extent Attorney Morgan could possibly claim personal knowledge of the purported facts and documents supporting her client's purported proof of claim and authority to execute a claim on behalf of the creditor, Attorney Taylor  is an essential witness to the allegations therein.

9. The Debtor avers that the purported "Assignment of Mortgage" annexed to BAC's proof of claim is signed by "Elpiniki M. Bechakas" on October 2, 2009, without any supporting documentation to substantiate his/her authorization to do so.

10. The Debtor further avers that the assignment presented in this case is of fraudulent nature and questionable origin.  Specifically, "Elpiniki M. Bechakas" is not an appropriate party to sign and/or authorize such assignments on behalf of "Mortgage Electronic Registration Systems, Inc. as nominee for 1st Republic Mortgage Bankers, Inc. its successors and assigns, 3300 SW 34th Avenue Suite 101, Ocala, FL 34474." The Debtor calls the Court's attention to fact that the purported assignment seeks to transfer an asset of an entity,  1st Republic Mortgage Bankers, Inc. A Corporation, which was suspended by Order of the New York Department of Banking on May 15, 2009 (copy attached as Exhibit "D") and has since closed operations and no longer functions or exists.  What authority did the FDIC give for this transfer of asset or who is the named successor of the defunct bank remains a mystery and is not disclosed in the proof of claim as submitted.

11. The purported assignment curiously identifies the "original lender" as MERS, yet none of the supporting documents identify MERS as the  lender.

12. The purported assignment of mortgage is notarized in Erie County, New York, yet purported assignor indicates an address in Ocala, Florida.  To the extent assignor flew to upstate New York to appear before a notary in the law offices of Steven J Baum, PC defies all logic.  Clearly this is a manufactured document intended to defraud the Court.

13. The Court should also know that BAC Home Loan Servicing LP has also presented a second assignment executed by  "Elpiniki M. Bechakas" to the United States Bankruptcy Court for S.D.N.Y. in case #09-12911, In re Green, on November 5, 2009 in an amended proof of claim # 5-2 (hereinafter the "Green Assignment") A copy of

the proof of claim as filed in case number 09-12911 is attached hereto as Exhibit "E" and a copy of the Green Assignment is attached hereto as Exhibit "E-1"

In the Green Assignment, Elpiniki M. Bechakas purports to be an Assistant Secretary and Vice President of "Mortgage Electronic  Systems, Inc. as nominee for Countrywide Home Loans, Inc." in the assignment of mortgage dated January 30, 2009 which, like the assignment of mortgage in the instant case, also purports to effectuate a post-petition assignment of a mortgage.

The Green Assignment is also notarized In Erie County, New York and is rubber stamped, "Pillar Processing, LLC 220 Northpointe Pkwy., Suite B, Amherst, NY 14228."  It is the same "Pillar Processing, LLC" identified by the Hon. Judge Cecelia Morris in her 62 page opinion in the case of  In re Schuessler, Case No. 07-35608 (cgm) (Bankr. S.D.N.Y. 4/10/2008) (Bankr. S.D.N.Y., 2008) (copy attached) In Schuessler, Judge Morris explored the relationship between "Pillar Processing, LLC" and the law firm of Stevn J. Baum, PC, ultimately determining that "*Pillar Processing is a separate affiliate of Steven J. Baum, P.C.,the law firm that filed the Lift-Stay Motion on behalf of Chase Home Finance.12 It appears that the Steven J. Baum firm, emulating its client, has created its own "servicer"in order to distance itself from dealing directly with this Court and other attorneys and parties when it suits the Steven J. Baum firm to do so. The Court has questioned the legal and ethical propriety of this practice.13 All that is decided for the purposes of this case is that the Pillar Processing letter was not effective to withdraw the Lift-Stay Motion or to avoid liability for sanctions under Fed. R. Bankr. P. 9011.* " Id. at 36-37

14. The Debtor hereby avers the assignment of mortgage presented by BAC and the law firm of Steven J. Baum, PC in the instant case, as attached to Proof of Claim #5-1 to be a fraudulent document presented with the intention and purpose of misleading the Court and the Debtor.

15. The Debtor avers that the fraudulent nature of the documents presented indicate an intention to commit fraud on the court by Attorney Morgan K. Taylor, the law firm of Stevn J. Baum, PC and BAC.

## III. LEGAL ARGUMENT: ASSIGNMENT OF MORTGAGE IS VOIDABLE TRANSFER PURSUANT TO BANKRUPTCY CODE §549(s)(1)(B)

16. Section 549 of the U. S. Bankruptcy Code pertains to such transfers as described hereinabove and reads as follows:

> "(a) Except as provided in subsection (b) and (c) of this section, the trustee may void a transfer of property of the estate……
>
> > (1)That occurs after the commencement of the case; and …
> >
> > _____ (B) that is not authorized under this title or by the court."

17. The assignment of mortgage attached to the Proof of Claim #5-1, is dated October 2, 2009, well after the date of the commencement of this chapter 13 bankruptcy proceeding on July 24, 2009.

18. The assignment of mortgage is an attempt to perfect a lien after the commencement of the case and therefore is voidable by this Court.

19. The debtor avers that there can be no reason for the assignment of the mortgage to BAC other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## IV.  LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(4)

20. Section 362(a)(4) of the United States Bankruptcy Code reads as follows:

"(a).....a petition filed under section 301, 302, and 303 of this title, ....operates as a stay, applicable to all entities, of...

>              (4) any act to create, perfect, or enforce any liens against property of the estate;"

21. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the estate in violation of §362(a)(4) of the U. S. Bankruptcy Code.

22. There can be no reason for the "assignment" of the mortgage to BAC other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## V.  LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(5)

23.     Section 362(a)(4) of the United States Bankruptcy Code reads as follows:

"(a).....a petition filed under section 301, 302, and 303 of this title, ....operates as a stay, applicable to all entities, of...

(4) any act to create, perfect, or enforce against property of the debtor any lien to the extent that lien secures a claim that arose before the commencement of the case under this title;"

24. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the Debtor, based upon an alleged claim that arose before the commencement of this case and is therefore in violation of §362(a)(5) of the U.S. Bankruptcy Code.

25. There can be no reason for the "assignment" of the mortgage to BAC other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## VI.   LEGAL ARGUMENT: BAC HOME LOANS SERVICING LP HAS NO STANDING TO FILE PROOF OF CLAIM #5

26. The Assignment annexed to proof of claim #5-1 sets forth MERS, as nominee for 1st Republic Mortgage Bankers, Inc., Assignor to BAC Home Loans Servicing, LP, Assignee.

27. BAC Home Loans Servicing, LP is mortgage loan servicer.  It neither asserts a beneficial interest in the note, nor could enforce the note in its own right.

28. A federal Court cannot have jurisdiction unless a party has constitutional standing.

29. Bankruptcy Code §501(a) allows a "creditor" to file a proof of claim.  A claim is allowed unless it is objected to pursuant to Bankruptcy Code §502(a).

30. BAC is a servicer, not a lender.  The only identified lender in the Note is 1st Republic Mortgage Bankers, Inc. A Corporation.

31. The proof of claim fails to give any indication as to a negotiation of the Note to a new owner.

32. BAC Home Loans Servicing, LP as a servicer is not a creditor and has failed to provide any evidence that it currently holds Debtor's note or any evidence of its own authority.

33. BAC is therefore, not a creditor nor a real party in interest and has no standing to file proof of claim #5-1.

## VII.   LEGAL ARGUMENT: THE PROOF OF CLAIM DOES NOT PROVE A PERFECTED SECURITY INTEREST IN DEBTOR'S PROPERTY

34. BAC has failed to provide any documentation reflecting a valid security interest in Debtor's property.  The post-petition attempt to cure the deficiencies have been without authority, in violation of law and a fraud upon this Court.

35. BAC is not the true holder or owner of this note; it is merely a servicer and has no standing to bring a claim purporting to be a true creditor.

36. As a direct and proximate result of the willful violations of the automatic stay, the Debtor is entitled to the recovery of actual and punitive damages from BAC as per §362(k)(1) of Title 11 of the United States Code.

37. As a direct and proximate result of the willful violations of the automatic stay, the Debtor is entitled to the recovery of actual and punitive damages from BAC as per §262(k)(1) of Title 11 of the United States Code.

## VIII.   LEGAL ARGUMENT: THE POST-PETITION ASSIGNMENT, IF AUTHENTIC, GIVES RISE TO VIOLATION 15 U.S.C. 1641 (F) AND STATUTORY DAMAGES PURSUANT TO 15 U.S.C. 1640(A)

38. Recent amendments to Section 404 of Public Law 111-22 reads  part as follows:

> SEC. 404. NOTIFICATION OF SALE OR TRANSFER OF MORTGAGE LOANS.
> (a) IN GENERAL.—Section 131 of the Truth in Lending Act
> (15 U.S.C. 1641) is amended by adding at the end the following:
> ''(g) NOTICE OF NEW CREDITOR.—
> ''(1) IN GENERAL.—In addition to other disclosures required
> by this title, **not later than 30 days after the date on which
> a mortgage loan is sold or otherwise transferred or assigned
> to a third party, the creditor that is the new owner or assignee
> of the debt shall notify the borrower in writing of such transfer**,
> including—
> ''(A) the identity, address, telephone number of the
> new creditor;
> ''(B) the date of transfer;
> ''(C) how to reach an agent or party having authority
> to act on behalf of the new creditor;
> ''(D) the location of the place where transfer of ownership
> of the debt is recorded; and
> ''(E) any other relevant information regarding the new
> creditor.
> ''(2) DEFINITION.—As used in this subsection, the term
> 'mortgage loan' means any consumer credit transaction that
> is secured by the principal dwelling of a consumer.''.
> **(b) PRIVATE RIGHT OF ACTION.—Section 130(a) of the Truth
> in Lending Act (15 U.S.C. 1640(a)) is amended by inserting ''subsection
> (f) or (g) of section 131,'' after ''section 125,''. (Emphasis Added)**

39.   15 U.S.C. 1640(a) <u>Civil Liabilities</u> provides for damages to the debtor as follows:

> (a) **Individual or class action for damages; amount of award; factors determining amount of award**
> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
> (1) any actual damage sustained by such person as a result of the failure;
> (2)
> (A) …
> (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $400 or greater than $4,000…"

40.     15 U.S.C. 1640(a)(B)(3) further provides for additional damages including the costs of the action and reasonable attorneys fees, as determined by the Court.

41.     The Assignment affixed to the Proof of Claim offered by BAC is dated October 2, 2009.  The Debtor requests the Court to take judicial notice that the date of this instant pleading is November 15, 2009, which is well past the 30 days required for notice under §131 of the Truth in Lending Act.

42.     As of the date of this pleading, the Debtor has received no notice of the purported October 2, 2009 assignment of his mortgage to BAC, despite BAC's mandatory obligation to provide such notice to the debtor.

43.     To the extent the purported Assignment of Mortgage in the instant case is deemed a valid assignment and BAC is deemed the new assignee, the Debtor is entitled to collect up to $4000.00 in statutory damages, costs and an award of legal fees from BAC for the bringing of this Motion.

## IX.   LEGAL ARGUMENT: THE PROOF OF CLAIM FAILS TO SUBSTANTIATE ITEMIZATION OF THE CLAIM

44. That the Proof of Claim includes a chart which describes purported pre-petition arrearages owed as of July 24, 2009 as follows:

| PRE-PETITION ARREARS | |
| --- | --- |
| 5 payments at $1504.01 (March1, 2009-July 1, 2009) | 7,520.05 |
| Accrued Late Charges | 80.02 |
| Previous Bankruptcy Attorney Fees | 450.00 |
| Escrow Advance | 2,002.27 |
| Suspense | (628.91) |
| TOTAL: | $9,423.43 |

45.  Attached here to as Exhibit "F" is a series of receipts mortgage payments made by the Debtor to as follows:

**a.  Western Union Receipt Dated March 31, 2009**

Sender: Dannette Denton Austin

Receiver: Countrywide Home Loans

Account # 092332629

Amount : $2005.00

**b. Western Union Receipt Dated April 10, 2009**

Sender: Dannette Denton Austin

Receiver: Countrywide Home Loans

Account # 092332629

Amount : $2005.00

(corresponding account statement issued by Countrywide Home Loans

indicates balance due of $2000.52)

**c. Western Union Receipt Dated May 8, 2009**

Sender: Dannette Denton Austin

Receiver: Countrywide Home Loans

Account # 092332629

Amount : $2207.17

(corresponding account statement issued by BAC Home Loans indicates

balance due of $2207.17)

**d. Automatic Funds Transfer Record posted June 15, 2009**

From checking account of Dannett Denton Austin bearing confirmation

number 2980143967.

Amount: $2,207.17

**e. Western Union Receipt Dated July 15, 2009**

Sender: Matthew Austin

Receiver: BAC Home Loans

Amount : $2207.17

(corresponding account statement issued by BAC Home Loans indicates balance due of $2207.17)

46. To the extent the Debtor has receipts for payments not credited, but indicated as "unpaid" on the itemization of the instant proof of claim, the proof of claim is making a material false and misleading representation to the court and this amount should properly be denied as an arrears.

47. To the extent the mortgage loan documents indicate there is a grace period of 15 days before any late charge is accessed, there is no documentation as to reason or triggering event for the late charge indicated the calculation if the late charge showing in the proof of claim.

48. The proof of claim further indicates a "suspense" amount of $628.91 without any explanation of this account or sum and why it hasn't been properly applied. In fact, there is no authorization of a suspense account indicated anywhere in the loan documents. Furthermore, to the extent extra sums have been paid by the debtor, they should have been properly applied to loan in the order indicated in paragraph 3 ("Application of Payments") of the purported "Open-End Mortgage" document annexed to proof of claim 5-1.

49. The proof of claim indicates "prior bankruptcy attorney fees" without any documentation offered to account and substantiate the same.

50. There is an itemized claim for an "Escrow Advance" in the amount of $2002.27, again without any documentation, explanation or accounting to substantiate the same.

51. Further indicated on the itemized list of the purported debt is a presumed notice that the debtor's mortgage payment is to increase post-petition to the amount of $2160.30 from $1505.01 without any explanation, accounting or documentation as to why this substantial increase is necessary or how it is authorized. To the extent this is the purported creditor's way of collecting pre-petition debt, it is a violation of the bankruptcy code. A full accounting is required.

**WHEREFORE,** the debtors pray of the Court as follows:

A.     That Proof of Claim #5-1 be expunged;

B.     That Court direct the Chapter 13 Trustee to strike the proof of claim of BAC Home Loans Servicing LP;

C.     That BAC Home Loans Servicing LP  be precluded from filing any amended, modified or substitute claim in this case;

D.     That BAC Home Loans Servicing LP  provide an accounting of all figures set forth in its proof of claim.

E.     That the Debtor have and recover against BAC Home Loans Servicing LP  a sum to be determined by the Court in the form of actual damages;

F.     That the Debtor have and recover against BAC Home Loans Servicing LP  a sum to be determined by the Court in the form of statutory damages;

G.     That the Debtor have and recover against BAC Home Loans Servicing LP  a sum to be determined by the Court for punitive damages;

H.     That the Debtor have and recover against BAC Home Loans Servicing LP  a sum to be determined by the Court all legal fees and expenses incurred by her attorney; and

I.     That the debtor have such other and further relief as the Court may deem just and proper.

This the 16th Day of November, 2009.

_____/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**IN THE MATTER OF**

|  |  |
|---|---|
| | **CHAPTER 13** |
| **MATTHEW AUSTIN,** | **CASE NO: 09-14605(MG)** |
| **DEBTOR** | |
| | **OBJECTION TO PROOF OF CLAIM #5-1 BY BAC HOME LOANS SERVICING, LP AND REQUEST FOR ACCOUNTING AND REQUEST FOR DAMAGES AND FEES** |

-----------------------------------------------------------------X
_____

**NOTICE OF OBJECTION TO PROOF OF CLAIM**
**AND REQUEST FOR ACCOUNTING AND MOTION FOR DAMAGES AND FEES**
**AND NOTICE OF OPPORTUNITY FOR HEARING**

**(No-Protest Notice:  No Hearing Will Be Held**
**Unless Request For Hearing Is Filed)**

**TO:    BAC HOME LOANS SERVICING, LP**

**PLEASE TAKE NOTICE** that an Objection to Proof of Claim has been filed by the debtor named above.  A copy of the objection accompanies this notice.

**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the debtors in their motion, or if you want the Court to consider your views on the motion, then on or before **December 20, 2009,** you or your attorney must do three (3) things:

1.    **File with the court a written response <u>requesting that the Court hold a hearing</u> and explaining your position.  File the response at:**

United States Bankruptcy Court
Southern District of New York
One Bowling Green

New York, NY 10004

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

2.  **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
Ph(914)946-0860
Fax(914)946-0870

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603
PH(914)328-7272
Fax(914)328-8608

3.  **You must also attend the hearing scheduled for January 14, 2010 at 10:00 a.m.** in Courtroom Number _____ at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD** and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the 16th Day of November, 2009.

___/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

**CERTIFICATE OF SERVICE**

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1.      I am not a party for the foregoing proceeding;
2.      I am not less than 18 years of age;
3.      I have this day served a copy of the foregoing **OBJECTION TO PROOF OF CLAIM, REQUEST FOR ACCOUTING AND REQUEST FOR AWARD OF FEES AND DAMAGES, AND A PROPOSED ORDER DISALLOWING CLAIM BY BAC HOME LOANS SERVICING LP AND NOTICE OF OPPORTUNITY FOR HEARING** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

BAC HOME LOAN SERVICING, LP
7105 Corporate Drive PTX-B-209
Plano, TX 75024

Morgan K. Taylor, Esq.
c/o Steven J. Baum, PC
220 Northpointe Parkway
Amherst, NY 14228

**And via the Court's Electronic Case Filing System to:**

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

United States Department of Justice
Office of United States Trustee
Southern District of New York
Attn: Attorney Greg Zipes, UST
33 Whitehall Street, 21st Floor
New York, NY 10004


4.      To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
5.      Service as outlined herein was made within the United States of America.


This the 16th Day of November, 2009.

____/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**IN THE MATTER OF**

**MATTHEW AUSTIN,**
           **DEBTOR**

**CHAPTER 13**
 **CASE NO: 09-14605(MG)**

**OBJECTION TO PROOF OF**
**CLAIM #5-1 BY BAC HOME**
**LOANS SERVICING, LP AND**
**REQUEST FOR ACCOUNTING**
**AND REQUEST FOR DAMAGES**
**AND FEES**

-----------------------------------------------------------------X

**PROPOSED ORDER DISALLOWING CLAIM FILED BY**
**BAC HOME LOANS SERVICING, LP; PROPOSED ORDER FOR ACCOUNTING; PROPOSED**
**ORDER FOR AWARD OF DAMAGES AND FEES**

THIS CAUSE coming on to be heard, and being heard, before the undersigned Judge of the United States Bankruptcy Court for the Southern District of New York, pursuant to the objection to the claim of the creditor named above filed by the debtor; and

IT APPEARING to the undersigned that this court has jurisdiction over the parties and over the subject matter of this objection; and

IT FURTHER APPEARING to the undersigned that all parties in interest received notice of this objection and of the time, date and place of this hearing and that no such parties have filed any timely objections or otherwise appeared in opposition to the said objection and that the time for filing any such objection has expired; and

IT FURTHER APPEARING to the undersigned that the relief requested by the debtors in their objection is consistent with the applicable provisions of Title 11 of the United States Code and that the debtors have established good and sufficient cause to grant said relief; and

IT FURTHER APPEARING to the undersigned that the objection of the debtors to the proof of claim of the above named creditor should be sustained; and

IT FURTHER APPEARING to the undersigned that the Chapter 13 Trustee should and is hereby directed to strike the claim of the said creditor; and

IT FURTHER APPEARING to the undersigned that BAC Home Loan Servicing, LP shall provide a full accounting and supporting documentation of all sums described in its proof of claim;

IT FURTHER APPEARING to the undersigned that BAC Home Loan Servicing, LP should be and is hereby precluded from filing any amended, modified or supplemental proof of claim in this case; and

IT FURTHER APPEARING to the undersigned that BAC Home Loan Servicing, LP be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to Linda M. Tirelli, Esq., the attorney for the debtor; and

IT FURTHER APPEARING to the undersigned that BAC Home Loan Servicing, LP be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to the debtor; and

IT IS THEREFORE SO ORDERED.

_____
Hon. Martin Glenn
United States Bankruptcy Judge